John S. Kedrovsky, Individually and on Behalf of All Others Similarly Situated, Who May Come in and Contribute to the Expense of This Action, Respondent, *v.* Archbishop and Consistory of the Russian Orthodox Greek Catholic Church, Alleged Corporation, and Others, Defendants, Impleaded with Platon Rozdestvensky and Another, Appellants.

First Department, November 5, 1926.

Religious corporations — motion to vacate receivership — court cannot order persons not parties to action to transfer property to plaintiff on vacating receivership — no lien can be directed on behalf of attorneys against property since attorney's lien attaches only to judgment — property rights cannot be summarily settled by order vacating receivership but must be determined by trial — severance of action and continuance between two parties cannot stand.

In an action to determine the rights of rival dignataries of the Russian Orthodox Greek Catholic Church in this country to church property and the exercise of the church authority, which action has never been brought to trial, the court did not have the power on vacating a receivership to direct various persons, many of whom are not parties to the litigation, to execute and deliver to the

**122** KEDROVSKY *v.* ARCHBISHOP, ETC., OF R. O. G. C. CHURCH.

First Department, November, 1926. [Vol. 218

plaintiff conveyances of many different properties without any description thereof, which are held in the name of the general board of trustees of the Russian Orthodox Greek Catholic Church, for a direction of that kind affecting property rights cannot be made except upon a trial of the issues; property rights cannot be summarily determined on a motion to vacate a receivership.

It was also error for the court to decree an attorney's lien to the extent of $10,500 on all the funds in possession of the receivership, for an attorney's lien is not justified by any statute permitting the establishment thereof upon a client's cause of action, nor by any common-law rule governing the right of an attorney to a lien; such a lien attaches to a judgment in behalf of the client.

The provision directing that the action be severed and continued between two of the parties with respect to certain property at Greenbush, N. Y., cannot stand, and the title to that property may be settled at the trial.

APPEAL by the defendants, Platon Rozdestvensky and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of May, 1926, directing that the temporary receivership in this action be terminated.

*George Gordon Battle* of counsel [*Battle, Vandiver, Levy & Van Tine,* attorneys], for the appellants.

*Ralph M. Frink* of counsel, for the respondent.

McAVOY, J. The defendants, who are a former ecclesiastical dignatary of the Russian Orthodox Greek Catholic Church in this country and a body designated as the general board of trustees of the North American diocese of that church, appeal from an order made at Special Term, which directed that a temporary receivership in this action be terminated; that the receiver turn over to the plaintiff, who is the ruling archbishop of the church, all the property in his possession; that the general board of trustees execute and deliver deeds to all of the properties of the Russian Orthodox Greek Catholic Church to the plaintiff and that the attorney for the plaintiff have a lien upon the funds involved in the action for services rendered in the sum of $10,500. It was also provided in the order that this action be severed and continued as a separate action between plaintiff and defendant Rozdestvensky as to the subject-matter of certain property of the Russian Orthodox Greek Catholic Church at Greenbush, N. Y., and further, that upon the determination of the matters involved in the accounting of the receiver, the other part of the severed action be discontinued without costs.

The action in which the order was made was originally brought in 1918 for relief involving the removal of the then archbishop and other officers of the church as trustees of the trust estate of the properties of the church, upon the ground of certain breaches of trust, unfitness and lack of title to office. A receiver was sought

for the trust estate pending the determination of the action. In March, 1919, a receiver was appointed. Upon his death a successor carried on the receivership up to the time this motion was made. The action has never been brought to trial, since all the relief that the plaintiff demanded was covered in the order appointing a receiver and the effect of this receivership was to take the property out of the hands of plaintiff's adversaries and have it administered for the benefit of the church.

In another cause, plaintiff by a decision of this court, affirmed in the Court of Appeals (214 App. Div. 483; 242 N. Y. 547), was confirmed in his title as archbishop of the Russian Orthodox Greek Catholic Church, and now seeks a termination of the receivership and a direction that the property be turned over to himself as archbishop, and asks the transfer by deed from the general board of trustees of certain real property held by them. While this is a very expeditious mode of arriving at the result sought through the action, since the order terminates the receivership and directs an accounting and requires various persons, many of whom are not parties to the litigation, to execute and deliver to plaintiff conveyances of approximately 115 different properties without any description thereof to plaintiff, which are now held in the name of the general board of trustees of the Russian Orthodox Greek Catholic Church, and besides decrees an attorney's lien to plaintiff to the extent of $10,500 on all of the funds in the possession of the receivership, and separates the litigation into two parts, one portion to be continued by plaintiff against Rozdestvensky as a separate action with respect to the Greenbush, N. Y., property and the remaining portion representing this receivership to be discontinued, yet such procedure may not have sanction according to the common usage and practice in a judicial forum.

The argument was made at Special Term that the determination in the action of *Kedrovsky* v. *Rojdesvensky* (214 App. Div. 483) which fixed the title to the archbishopric, also included a decision of the issues before that court on this motion.

Whatever may be determined ultimately was the effect of that ruling as matter of law, the Special Term was powerless by order to settle the titles to these specific properties on motion and order without the due process of a trial. Neither is the attorney's lien justified by any statute permitting the establishment of an attorney's lien upon a client's cause of action, nor by any common-law rule governing the right of an attorney to a lien in an action or proceeding conducted for his client. Such a lien attaches to a judgment in behalf of the client.

There is no judgment here, hence no lien. The provision direct-

**124** KEDROVSKY *v.* ARCHBISHOP, ETC., OF R. O. G. C. CHURCH.

First Department, November, 1926. [Vol. 218

ing that the action be severed and continued between two of the parties with respect to certain Russian church property at Greenbush, N. Y., will fall with the reversal of this order and the title there in dispute may be settled at the trial.

The order should, therefore, be reversed, excepting in so far as it terminates the receivership and directs the receiver to account and provides for the retention by the receiver of all papers, documents and moneys in his custody pending the final settlement of his accounts, and provides for notice to parties before paying over any moneys, etc., to any persons out of the receivership funds.

The custody of the deeds to the properties should be left with ·the receiver until the trial of the action.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, excepting in so far as it terminates the receivership and directs the receiver to account and provides for the retention by the receiver of all papers, documents and moneys in his custody pending the final settlement of his accounts, and provides for notice to parties before paying over any moneys, etc., to any persons out of the receivership funds; the custody of the deeds to the properties to be left with the receiver until the trial of the action. Settle order on notice.